UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DAVID RUCKMAN,

        Plaintiff,

        v.                                    Case No. 2:13-cv-814
                                              JUDGE SARGUS
                                              Magistrate Judge King
SHERIFF THOMAS C. JENKINS, *et al.*,

        Defendants.

## OPINION AND ORDER

This matter is before the Court upon (1) Judge Michael Lowe's Motion to Dismiss (Doc.

17); (2) the Motion to Dismiss of Fisher, Howdyshell, Jenkins, Jenkins, Jr., Kittle, Walker,

Welch, Jane Doe, Jane Doe 2, Jane Doe 3, John Doe 1, John Doe 2, John Doe 3, John Doe 4,

John Doe 5, and John Doe 6 ("the Morgan County Defendants") (Doc. 18); (3) the Motion to

Dismiss or, in the alternative, Motion for More Definite Statement of Jody Murray (Doc. 19);

and (4) the Supplemental Motion to Dismiss of the Morgan County Defendants (Doc. 30).

Plaintiff David Ruckman, proceeding *pro se*, has filed responsive briefs in opposition to the

motions, and Defendants have respectively replied.  The issues before the Court are therefore

fully briefed and ripe for review.

## I.    FACTUAL BACKGROUND

In his Complaint, Ruckman details the parties' contentious history, spanning from 1998

to present.  In 1998, Ruckman's mother purchased a piece of real property in Morgan County.

(Doc. 2, Compl. at 6).  The same year, he began to reside and operate a small business on the

premises. (*Id.* at 7).  Shortly thereafter, problems between Ruckman and his neighbors began,

culminating in his arrest in 2000.  (*See id.* at 7-12).  After a hearing before Morgan County

Municipal Court Judge Michael Lowe, Ruckman was found guilty of disorderly conduct and

sentenced. (*Id.* at 12).

Following his arrest, Ruckman continued to experience trouble with his neighbors.  Upon

receiving a complaint about Ruckman discharging a firearm at a neighbor and her horses,

Morgan County deputies again arrested him. (*Id.* at 14-16).  Judge Lowe presided over the

matter.  (*Id.* at 17-18).  Ruckman requested that Judge Lowe recuse himself as he believed the

Judge "already figured it out that I was guilty." (*Id.* at 17).  After Judge Lowe denied his request,

Ruckman pled guilty to shooting near prohibited property.  (*Id.* at 17-18).  Shortly thereafter, he

filed a motion to withdraw his guilty plea, which Judge Lowe also denied. (*Id.* at 18-19).

In 2002, Morgan County deputies arrested Ruckman for a third time upon suspicion of

discharging a firearm. (*Id.* at 22).  Prosecutor Welch was the prosecutor assigned to Ruckman's

case.  (*Id.* at 23).  As a condition of bond, Judge Lowe ordered Ruckman to surrender any and all

firearms in his possession, which he reluctantly did.  (*Id.*).  Ruckman alleges that when the case

against him was dismissed, he was not permitted to reclaim his firearms, but rather was forced to

sell them "from the sheriff's office."  (*Id.* at 24).

Contentious relations continued between Ruckman and his neighbors over the next ten

years.  The Morgan County Sheriff's Office was called to the area on various occasions: to arrest

one of Ruckman's neighbors, to investigate multiple reports of property damage and a shooting

that had occurred in a trailer adjacent to Ruckman's property, and to determine whether

Ruckman had unlawfully shut off the water supply to the neighboring landowners. (*See, e.g.*, *id.*

at 26-29).

Throughout his Complaint, Ruckman also recounts hostile incidents involving individuals other than his neighbors. First, he asserts that throughout the past decade several members of the Morgan County Sheriff's Office have taunted, intimidated, and stalked him without reason or provocation. (*See, e.g., id.* at 29). Second, Ruckman alleges that he was the victim of prolonged harassment by another individual, about which the Morgan County Sheriff's Office did nothing. (*See id.* at 29-33). Third, in November 2010, Ruckman was involved in a physical altercation at the local gas station and grocery store, EZ Stop. (*Id.* at 33). The alleged owner of EZ Stop, Jody Murray, sent Ruckman a letter shortly after the incident, notifying him that he was no longer welcome on the premises (*Id.* at 35). Ruckman further asserts that Murray was the source of "malicious and vilifying gossip" about him. (*Id.*).

Ruckman filed the Complaint in this matter on August 19, 2013, alleging violations of 42 U.S.C. § 1983 (arrest, excessive force, detention and confinement, conspiracy, refusing or neglecting to prevent, malicious prosecution) and state law (malicious prosecution and imprisonment, false arrest and imprisonment, intentional infliction of emotional distress, negligence, slander, defamation, and vilification). The Complaint does not clearly state which factual allegations correspond with each cause of action, nor does it clarify which causes of action are directed against whom.

## II.     STANDARD OF REVIEW

All of Defendants' Motions to Dismiss are brought pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. Judge Lowe asserts the Court lacks jurisdiction to consider Ruckman's claims against him pursuant to Rule 12(b)(1). The Morgan County Defendants, Murray, and Judge Lowe further argue Ruckman's Complaint fails to state a claim upon which relief can be granted, requiring dismissal pursuant to Rule 12(b)(6).

A.    **Rule 12(b)(1) of the Federal Rules of Civil Procedure**

Dismissal pursuant to Rule 12(b)(1) may be warranted if a party brings a claim in federal court that does not satisfy statutory or constitutional jurisdictional requirements.  In considering a motion to dismiss pursuant to Rule(b)(1), the Court must construe all allegations in the Complaint in favor of plaintiff, "which is a similar safeguard employed under 12(b)(6) motions to dismiss." *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). However, plaintiff shoulders the burden of proving jurisdiction in order to survive the motion. *Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003).

B.    **Rule 12(b)(6) of the Federal Rules of Civil Procedure**

Rule 12(b)(6) is an avenue by which defendants can challenge, as a matter of law, whether a plaintiff is entitled to legal relief even if everything alleged in the complaint is true. *See Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).  In considering a Rule 12(b)(6) motion to dismiss, the Court must construe the Complaint in a light most favorable to the non-moving party, accepting as true all of plaintiff's factual allegations. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009).

The Court must nonetheless read Rule 12(b)(6) in conjunction with Federal Rule of Civil Procedure 8(a), requiring a short and plain statement of the claim showing that the pleader is entitled to relief. *Ogle v. BAC Home Loans Servicing LP*, 924 F. Supp. 2d 902, 907 (S.D. Ohio 2013).  Therefore, the factual allegations set forth in the Complaint, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief. *League of United Latin American Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).  Further, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory

4

statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Thus, while Plaintiff is not required to set forth detailed factual allegations at the pleading stage, the Complaint must contain some basis upon which relief can be granted; a recitation of facts intimating the "mere possibility of misconduct" will not suffice. *See Ashcroft*, 556 U.S. at 679; Fed. R. Civ. P. 8(a).

## III.    DISCUSSION

Judge Michael Lowe, Jody Murray, and the Morgan County Defendants have all moved to dismiss Ruckman's claims against them. The Court will address each of these motions in turn.

### A.    Motion to Dismiss of Judge Michael Lowe

Judge Lowe asserts Ruckman's claims against him should be dismissed for three reasons. First, Judge Lowe argues Ruckman's claims require the Court to review the propriety of Ruckman's state court proceedings and convictions in violation of *Heck v. Humphrey* and the *Rooker-Feldman* doctrine. Second, Judge Lowe asserts that he is absolutely immune from civil damages arising from any actions taken in his judicial capacity. Last, Judge Lowe argues that Ruckman has failed to state a claim upon which relief can be granted.

Ruckman generally contends that Judge Lowe should be liable for his part in the "14 year conspiracy to deprive Plaintiff of his rights." (Doc. 26, Pl.'s Resp., at 2). Ruckman asserts the *Rooker-Feldman* doctrine and the doctrine of immunity do not apply as he is not challenging Judge Lowe's judicial acts but his "crimes, sins, and violations of civil rights and the constitution." (*Id.* at 8). Finally, he argues that Judge Lowe was biased in presiding over his previous criminal proceedings, favoring the Morgan County Prosecutor's Office and Sherriff's Office. (*Id.* at 3).

### 1. Jurisdiction

Judge Lowe argues that, to the extent Ruckman's claims challenge the previous decisions, rulings, and convictions of the Morgan County Court, this Court is without jurisdiction to consider his claims pursuant to *Heck v. Humphrey* and the *Rooker-Feldman* doctrine.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court addressed whether actions brought pursuant to 42 U.S.C. § 1983 were "appropriate vehicles" for challenging or collaterally attacking an outstanding state court criminal judgment or sentence. *Id.* at 486. The Court held they were not. Rather, the Court found that in order to recover damages for an allegedly unconstitutional state court conviction or "for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, or declared invalid by a state tribunal. *Id.* at 487. Unless and until a plaintiff can prove that the challenged conviction or sentence has been so reversed, expunged, or declared invalid, "a cause of action under § 1983 for damages is not cognizable." *Ruff v. Runyon*, 258 F.3d 498, 501 (6th Cir. 2001).

The *Rooker-Feldman* doctrine also limits a federal district court's jurisdiction to review state law convictions. The doctrine is derived from two United States Supreme Court decisions: *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983). In both cases, the Supreme Court dismissed the suits for lack of subject-matter jurisdiction, reasoning that, pursuant to 28 U.S.C. § 1257, only the United States Supreme Court, and not the lower federal courts, enjoys appellate jurisdiction over state court decisions. *See Rooker*, 263 U.S. at 414-15; *Feldman*, 460 U.S. at 478-79. Thus, as the Sixth Circuit Court of Appeals succinctly stated, "lower federal courts lack subject matter jurisdiction

6

to engage in appellate review of state court proceedings." *Hood v. Keller*, 341 F.3d 593, 597 (6th Cir. 2003) (quoting *Peterson Novelties, Inc. v. City of Berkley*, 305 F.3d 386, 390 (6th Cir. 2002)).

The doctrine also bars federal district courts from hearing claims that are "inextricably intertwined" with state court judgments. *Hood*, 341 F.3d at 597. "In practice this means that when granting relief on the federal claim would imply that the state-court judgment on the other issues was incorrect, federal courts do not have jurisdiction." *Pieper v. Am. Arbitration Ass'n*, 336 F.3d 458, 460 (6th Cir. 2003). In essence, the *Rooker-Feldman* doctrine divests federal courts of jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 281 (2005).

Ruckman relies primarily on the "unjust" proceedings and outcomes of his Morgan County criminal convictions as the basis for his federal claims against Judge Lowe. However, this Court is not the proper audience for Ruckman's grievances; state appellate courts—not federal district courts—have jurisdiction to consider the validity of county court convictions and sentences. Ruckman did not appeal his Morgan County cases, nor has he provided any evidence to the Court demonstrating that the challenged convictions or sentences have been overturned by a state tribunal. Further, the Court finds that Ruckman's federal claims and the Morgan County convictions are inextricably intertwined—as the incorrectness of the Morgan County Court decisions would necessarily be a predicate to any federal relief granted in this case.

Therefore, pursuant to *Heck v. Humphrey* and the *Rooker-Feldman* doctrine, the Court finds it does not have jurisdiction to consider Ruckman's allegations that Judge Lowe improperly

presided over his Morgan County Court cases. As the Court does not have jurisdiction to consider Ruckman's challenges to these state court convictions, proceedings, and sentences, the Court finds Judge Lowe's Motion to Dismiss pursuant to Rule 12(b)(1) well-taken.

### 2. Absolute Immunity

As an alternative, Judge Lowe argues that he is absolutely immune from all of Ruckman's claims against him. The Court agrees, and finds that even if *Heck v. Humphrey* and the *Rooker-Feldman* doctrine did not divest the Court of jurisdiction to consider Ruckman's claims, they would nonetheless be barred by the doctrine of absolute immunity.

When performing judicial acts, the common law insulates judges from liability to ensure they are able to "exercise their functions with independence and without fear of consequences." *Pierson v. Ray*, 386 U.S. 547, 554-55 (1967) (quoting *Scott v. Stansfield*, L.R. 3 Ex. 220, 223 (1868)). For immunity to apply, the judge must have had jurisdiction over the subject matter before him at the time he took the challenged judicial action. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). These two elements, i.e. performance of a judicial act and existence of subject matter jurisdiction, are all that is necessary to invoke protection. *See id*. Therefore, the United States Supreme Court has found that immunity applies even when the judge "is accused of acting maliciously and corruptly" or when the action he took was "in error, was done maliciously, or was in excess of his authority." *Pierson,* 386 U.S. at 554; *Stump,* 435 U.S. at 356. This doctrine of judicial immunity is applicable to claims brought under 42 U.S.C. § 1983. *Pierson*, 386 U.S. at 554.

The two inquiries before the Court are therefore whether Judge Lowe had subject matter jurisdiction to preside over Ruckman's criminal proceedings and whether his actions constituted "judicial functions."

The Court finds Judge Lowe had subject matter jurisdiction to consider Ruckman's criminal charges.  Judge Lowe presides over the Morgan County Court, which has jurisdiction "throughout a county court district that shall consist of all territory within the county not subject to the territorial jurisdiction of any municipal court."  Ohio Rev. Code Ann. § 1907.01.  Further, "[c]ounty courts are courts of record for all purposes of law."  *Id.*  It is uncontested that the criminal acts with which Ruckman was charged occurred in Morgan County.  Further, Ruckman has not presented any other arguments or challenges as to jurisdiction.  Therefore, the Court finds Judge Lowe has satisfied the first element of judicial immunity.

The Court next considers whether Judge Lowe's acts constituted "judicial functions."  In determining whether the challenged actions of a judge are "judicial" in nature, a Court must consider (1) whether the act "is a function normally performed by a judge" and (2) whether the parties "dealt with the judge in his judicial capacity." *Stump*, 435 U.S. at 362.   The Court finds that Judge Lowe's actions in presiding over Ruckman's criminal proceedings, i.e. confirming that Ruckman had received certain legal documents, accepting his guilty pleas, denying his motion to withdraw his guilty plea, setting terms and conditions of bond, and sentencing him, are all "functions normally performed by a judge."  *See id*.  Further, Ruckman has presented no evidence or argument that the parties ever dealt with the judge other than when court was in session, in his judicial capacity.  Therefore, the Court finds that all of the actions Ruckman challenges constitute "judicial acts or functions."

Because Judge Lowe has satisfied both elements of judicial immunity, the Court finds he is immune from liability with respect to all of Ruckman's claims.  Therefore, even if the Court had jurisdiction to consider Ruckman's claims, Judge Lowe would nonetheless be absolutely immune from liability.

**B.     Motion to Dismiss of Jody Murray and the Morgan County Defendants**

Murray and the Morgan County Defendants assert that Ruckman's claims should be dismissed pursuant to Rule 12(b)(6) and Rule 8(a) of the Federal Rules of Civil Procedure. Specifically, the Morgan County Defendants contest that the Complaint fails to provide "either direct or inferential allegations respecting all the material elements of his alleged claims." (Doc. 18, Defs.' Mot. Dismiss, at 5). Murray argues Ruckman's allegations are "little more than 'an unadorned, the-defendant-unlawfully-harmed-me accusation.'" (Doc. 19, Def.'s Mot. Dismiss, at 3 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007)). In addition to Murray's Rule 12(b)(6) arguments, he also stresses that Ruckman has failed to comply with Federal Rule of Civil Procedure 10(b), which requires a party to state its claims in numbered paragraphs, "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). For these reasons, Murray and the Morgan County Defendants argue dismissal is warranted.

The Court finds Defendants' arguments well-taken. Even when the Court construes all inferences in favor of Ruckman, his Complaint "fails to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In his 52-page Complaint, Ruckman undeniably recounts the parties' tumultuous history in detail; this alone, however, does not meet the pleading requirements of Rule 8. Rather, the Court, after assuming these facts to be true, must then "determine whether they plausibly give rise to an entitlement to relief." *Id.* The Court finds Ruckman's claims, as currently set forth in his Complaint, do not.

Ruckman's Complaint does not include demarcated counts, numbered paragraphs, or specific allegations that either directly or inferentially correspond to the material elements of his claims. Further, Ruckman does not make clear which causes of action are directed against whom. Instead, the Complaint often references the Defendants collectively or with pronouns

such as "they" without further identification. In their Motions to Dismiss, Murray and the

Morgan County Defendants were required to infer the claims being asserted against them,

theorize the factual predicates therefor, and, based largely on conjecture, defend themselves

against Ruckman's allegations. While Ruckman provides a litany of incidents that have occurred

between the parties over the past 15 years, the Court finds this narrative does not satisfy the

requirements of Rule 8. As outlined in Section II.B., *supra*, the factual allegations set forth in

the Complaint must do more than create speculation of a legally cognizable cause of action; they

must show entitlement to relief and provide "fair notice of what the . . . claim is and the grounds

upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

      The Court recognizes that "a pro se complaint, however inartfully pleaded, must be held

to less stringent standards than formal pleadings drafted by lawyers." *Weatherby v. Fed. Exp.*,

454 F. App'x 480, 486 (6th Cir. 2012) *cert. denied*, 133 S. Ct. 896 (U.S. 2013) (quoting *Estelle v.

Gamble*, 429 U.S. 97 (1976)). However, the Court can extend leniency only so far: "less

stringent standards" is not the equivalent of no standards. Allowing the claims set forth in

Ruckman's Complaint to stand would result in the complete disregard of Defendants' rights and

the Federal Rules of Civil Procedure.

      Even when holding Ruckman to "less stringent standards" and construing all inferences

in his favor, the Court finds Ruckman has failed to state any claims upon which relief can be

granted. Dismissal of all claims against Murray and the Morgan County Defendants pursuant to

Rule 12(b)(6) is therefore warranted. As the deficiencies in Ruckman's Complaint could

conceivably be remedied so as to comply with Rule 8 in the future, dismissal of these claims is

ordered without prejudice.

**C.      Supplemental Motion to Dismiss of the Morgan County Defendants**

For the reasons set forth in Section B, *supra*, the Court has dismissed all claims asserted against the Morgan County defendants pursuant to Rule 12(b)(6).  Accordingly, the Court finds it unnecessary to address the Morgan County Defendants' Supplemental Motion to Dismiss.

## IV.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Judge Lowe's Motion to Dismiss.  All of Plaintiff David Ruckman's claims against Judge Michael Lowe are dismissed with prejudice. The Court also **GRANTS** the Motions to Dismiss of Murray and the Morgan County Defendants.   All of Plaintiff David Ruckman's claims against Murray, Fisher, Howdyshell, Jenkins, Jenkins, Jr., Kittle, Walker, Welch, Jane Doe, Jane Doe 2, Jane Doe 3, John Doe 1, John Doe 2, John Doe 3, John Doe 4, John Doe 5, and John Doe 6 are dismissed without prejudice.

The Clerk shall remove Documents 17, 18, 19, and 30 from the Court's pending motions list.

The Clerk shall remove this case from the Court's pending cases list.


                  **IT IS SO ORDERED.**

                                            8-28-2014
                                            _____
                                            **EDMUND A. SARGUS, JR., JUDGE**
                                            **UNITED STATES DISTRICT COURT**